## Redevelopment Authority of Altoona v. Williams

*Charles P. Wasovich,* for plaintiff.
*Laverne Kovacs,* for defendant Evelyn M. Williams.
*John Sullivan,* for defendant Robert M. Williams.

SMITH, *J.,* June 18, 1986—The sole issue in the instant matter is the calculation of damages for replacement housing purchased by Evelyn M. Williams as a result of the Redevelopment Authority of Altoona's (authority) condemnation of her residence.

Evelyn M. Williams and her brother Robert M. Williams owned and occupied the dwelling at 1800-1806 Crawford Avenue, Altoona, as tenants in common for almost 40 years. The authority acquired the building, paying $50,000 as just compensation for the taking, $25,000 to Evelyn M. Williams for her one-half interest, and $25,000 to Robert M. Williams. Evelyn M. Williams purchased a comparable replacement dwelling at 207-210 East Fairview Avenue, Altoona, for $43,000 plus costs of $442. Stipulations of Fact, paragraphs 10-11.

Under the facts as stipulated, we conclude that Evelyn M. Williams meets the two preconditions of 26 P.S. §1-602A(a) and (b): she was displaced from a dwelling which she owned and occupied in excess of 180 days prior to its acquisition and she purchased replacement housing within one year of receiving payment of the authority's full acquisition cost.

The authority, noting that it paid $50,000 for the acquired dwelling and that Evelyn M. Williams purchased replacement housing for $43,000, asserts that no payment is due under 26 P.S. § 1-602A(a)(1) and (2) because those subsections require that payment be made for the excess of the cost of the replacement *dwelling* over the value of the acquired *dwelling*. The authority concludes that the maximum benefit payable in this case, and in any case where the acquired dwelling is more valuable than the replacement dwelling, is $4,000 under the elective section 1-603A(a)(1).

Evelyn M. Williams counters that she was paid only $25,000 for her one-half undivided *interest* in the acquired dwelling, but paid $43,000 for her comparable replacement housing, and therefore more than qualifies for payment up to the $15,000 cap set by section 1-602A. Although she did not argue the point, logically her position would also be that Robert M. Williams, had he qualified by buying replacement housing, would also be entitled to receive the full $15,000 under section 1-602A.

Section 1-602(a)(1) computes payment according to the difference between the cost of the acquired dwelling and the cost of the replacement dwelling. We interpret the terms "cost of the acquired dwelling" and "cost of a comparable replacement dwelling" to mean the cost of the interest in the acquired dwelling and the cost of a comparable interest in a replacement dwelling. Anomalous awards of relocation assistance would result otherwise, paying a condemnee too little whenever a displaced person owning, as here, a fractional interest in an acquired dwelling purchased a whole interest in a replacement dwelling, and paying a condemnee too much whenever a displaced person owning a whole interest in an acquired dwelling purchased a fractional

interest in a replacement dwelling.* We conclude that the proper computation of payment under section 1-602A(a)(1) is of the difference between the payment Evelyn M. Williams received for her interest and the cost of her replacement housing, or $43,000 − $25,000 = $18,000.

The statute requires that "the acquiring agency shall make [the] payment [computed by Section 1-602A(a)(1)] . . . to *any* displaced *person* who is displaced . . ." 26 P.S. §1-602A(a) (Emphasis added). Evelyn M. Williams and Robert M. Williams thereby could each have qualified for a full $15,000. The administrative regulations, 37 Pa. Code §151.1, however, define all members of a family as a single displaced person. The term family is not defined as either a household or a consanguineous unit, but we conclude that the regulation puts a cap of $15,000 on the potential payments to both Evelyn M. Williams and Robert M. Williams.

Our conclusion is supported by the administrative regulations promulgated by HUD pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4601 et seq., the federal statute from which the Pennsylvania act was derived. The federal regulations, 24 C.F.R. §42.75, would regard Evelyn M. Williams and Robert M. Williams as one person for purposes of computing payment of relocation assistance, and prorate the amount awarded to each of them in accordance with their one-half interests, i.e. $7,500

---

* Naturally a condemnor must assess the comparability of replacement housing in light of the ownership interest acquired. See 37 Pa.Code §151.1. In the instant matter the parties stipulated that Evelyn M. Williams' whole interest in the East Fairview Avenue property is comparable replacement housing for the acquired Crawford Avenue property.

to Evelyn M. Williams and, if he had qualified, the same to Robert M. Williams. 24 C.F.R. §42.221. If Evelyn M. Williams and Robert M. Williams had been determined to be in separate tenancies however, each would be entitled to the full $15,000. See 42 U.S.C. §4623.

We adopt the approach suggested by the HUD regulations and therefore enter the following

### ORDER

And now, this June 18, 1986, judgment is entered in favor of Evelyn M. Williams against the Redevelopment Authority of Altoona in the amount of $7,500 plus interest at the legal rate from this date forward.

